STATE OF NORTH CAROLINA v. BRUCE C. FLYNT

No. 7021SC231

(Filed 27 May 1970)

Criminal Law § 148— judgments appealable — order of superior court refusing to review proceedings of district court

A "judgment" of the superior court denying defendant's application to that court for a writ of certiorari to review the proceedings of the district court in a criminal case was not a final judgment within the meaning of G.S. 7A-27(b), and defendant was not authorized to appeal therefrom to the Court of Appeals as a matter of right; defendant's only remedy was by petition for certiorari to the Court of Appeals.

APPEAL by defendant from *Exum, J.,* 22 December 1969 Session, FORSYTH Superior Court.

On 24 December 1968 a warrant was issued from the District Court of Forsyth County charging defendant with violations of a

zoning ordinance of the City of Winston-Salem. Defendant pleaded not guilty and the record indicates that on 2 June 1969 Clifford, District Judge, found "defendant GUILTY IN PART AND NOT GUILTY IN PART" and entered a lengthy judgment in which he reviewed the charges, found certain facts, declared defendant not guilty of certain violations alleged and guilty of others, and imposed a substantial fine suspended on certain conditions consistent with the zoning ordinance.

Thereafter, defendant filed a petition for certiorari in the superior court alleging irregularities in the district court proceedings and asking the superior court for an order "directing the District Court to forward all records in this matter to the Superior Court for review and directing the District Court to take no further action in this case pending review in the Superior Court."

Following a hearing the superior court entered a "judgment" in which it was ordered, adjudged and decreed "that the Application for Writ of Certiorari be, and the same is hereby, denied, not in the Court's discretion but because of the Court's opinion that it does not have the power as a matter of law to issue such a writ." Defendant attempts to appeal from said "judgment."

*Attorney General Robert Morgan and Staff Attorney Edward L. Eatman, Jr., for the State.*

*White, Crumpler & Pfefferkorn by William G. Pfefferkorn and Joe P. McCollum, Jr., for defendant appellant.*

BRITT, J.

The attorney general has moved in this Court that the appeal be dismissed for the reason that the case is not properly before us. The motion is well taken and is allowed.

G.S. 7A-27 provides in pertinent part as follows:

"§ 7A-27. *Appeals of right from the courts of the trial divisions.* — (a) From any judgment of a superior court which includes a sentence of death or imprisonment for life, appeal lies of right directly to the Supreme Court.

(b) From any *final judgment* of a superior court, other than one described in subsection (a) of this section or one entered in a post-conviction hearing under article 22 of chapter 15, including any *final judgment* entered upon review of a de-

cision of an administrative agency, appeal lies of right to the Court of Appeals.

\* \* \*" (Emphasis ours.)

Defendant attempts to appeal from a "judgment" of the superior court denying his application to that court for a writ of certiorari asking that it review the proceedings of the district court in a criminal case over which the district court had exclusive, original jurisdiction. G.S. 7A-272(a). By statute, G.S. 7A-32(b) and (c), certiorari is declared a *prerogative writ* and this Court is authorized to issue the writ "in aid of its own jurisdiction, or to supervise and control the proceedings of any of the trial courts of the General Court of Justice."

We hold that the "judgment" of the superior court from which defendant attempts to appeal is not a *final judgment* within the meaning of G.S. 7A-27(b), therefore, defendant is not authorized to appeal therefrom as a matter of right. His only remedy to have the "judgment" reviewed here is by certiorari and his petition for that remedy was denied by this Court in conference on 24 March 1970.

Appeal dismissed.

BROCK and HEDRICK, JJ., concur.